liSHORTESS, Judge,
dissenting.
If an officer sees a car violating a traffic law, the officer may validly stop it. The officer may investigate by questioning the driver. If because of the driver’s behavior or other observations, the officer suspects the ear carries contraband, the officer may ask for the driver’s consent to search. If the driver consents, the officer can search the ear without a warrant. If the driver denies consent, the officer may still detain the vehicle for further investigation if his suspicions *278 are reasonable and based on specific facts. This extended investigatory period (here, it was less than two minutes), i.e., the time required to quickly confirm or dispel the officer’s reasonable suspicions, must be reasonable in length. The use of a trained narcotics dog is one example where an officer can quickly confirm or dispel his suspicion during this extended investigatory period. If the officer’s continued investigation does not uncover any evidence of illegal activity, then the individual must be free to leave.
Here, Brashier had reasonable grounds to suspect the rental car may have contained illegal contraband because defendant was nervous, shaking almost “violently,” and avoiding eye contact, and there were discrepancies in the suspects’ travel details and ear rental agreement.
I would affirm the trial court’s decision which denied the motion to suppress.
I respectfully dissent.